# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

IN THE MATTER OF THE PETITION OF PETER PONTIUS.

*Trustees of dissolved corporations — power of the court to appoint a receiver on account of their delay in executing their trust — 1852, chap. 361; 1855, chap. 54; 1870, chap. 151, sec. 3.*

APPEAL from an order of the Monroe Special Term, appointing a receiver of the assets, funds, etc., of the Seneca Woolen Mills.

The Seneca Woolen Mills was a corporation organized in 1844 under the general manufacturing laws of this State, and dissolved in 1855, under the Herkimer county act (Laws of 1852, chap. 361), which had been applied to this corporation by chapter 54 of the Laws of 1855. The appellants are the survivors of the trustees in office at the time of the dissolution, who by the provisions of the statute became thereupon trustees for the creditors to the extent of the debts, and for the stockholders for the surplus if any. (Act of 1852, *supra*, § 3.)

The papers show that the trust has been substantially dormant since 1858, in which year the last of two assessments for a deficiency was made by the trustees; the only activity shown since that date being the procurement of an act of the legislature in 1866, which was intended to authorize the bringing of an action in the name of the corporation against all the stockholders and creditors, for the ascertainment of their several claims and liabilities, and for a completion and settlement of the trust; and the bringing of such an action in 1868. Issue was joined in that action by at least one of the defendants (the petitioner herein), in the same year. In 1871, an order was obtained dropping several of the defendants, and appointing a referee to hear and determine the action. In the same

year a stipulation was entered into vacating the order for the dropping of parties, the further hearing of the cause was adjourned, and no further proceedings have been had in the action, nor, so far as appears, towards the execution of the trust.

The order appointing a receiver was granted upon a petition showing delay and neglect on the part of the trustees in the execution of their trust.

The court at General Term, after having held that the facts were such as to authorize the appointment of a receiver by the court, said: "It is. objected that the order is contrary to the act of 1870 (chap. 151, § 3), which provides that a receiver of a corporation can be appointed only 'in a civil action.' There are several answers to this objection; a sufficient one is found in the last clause of section 5 of the act in question, which provides that the provisions of the act do not apply to manufacturing corporations organized under the general manufacturing laws of this State. Another answer is, that the statute in question plainly contemplates an action against the corporation, which can be brought only when the corporation is in existence, not after it is dissolved, and it requires eight days' notice of the application to be given to the proper officers of the corporation. In this case there is neither corporation nor officers of a corporation, but only statutory trustees, holding the property and assets of a dissolved corporation for the benefit of its creditors till they are paid, and the surplus for its stockholders. (*Cuykendall* v. *Douglass*, 19 Hun, 577.) There is ample authority for this proceeding in the act under which it is taken. (Act of 1852, *supra*.) Section 3 provides that the trustees (so acting for creditors) 'shall be subject as such trustees to the control and direction of the Supreme Court upon their own application, or that of any creditor, and may be removed by the Supreme Court, which may appoint a receiver in their place on proper cause shown.'

"This provision, moreover, contains an answer to a further objection made by the trustees' appellants, namely, that the petitioner is not a judgment creditor, and therefore has not standing to maintain this proceeding. But it is apparent from the terms of the section just quoted (sec. 3) that the remedy is not confined to judgment creditors. The language of the statute is, 'on the application of any creditor,' and the reference is unquestionably to all those

creditors for whose benefit the trust is created in the general scheme of the statute. These are necessarily in most instances simple contract creditors. The proceedings for a dissolution of the corporation are presumably taken before any claims against it are put in judgment, and after the dissolution no judgment can be obtained against it."

*Josiah T. Miller*, for himself and others, trustees, the appellants.

*W. F. Cogswell*, for the petitioner, respondent.

Opinion by DWIGHT, J.; SMITH, P. J., and HARDIN, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.